IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JENNIFER L. CARTER | § | |
| | § | |
| V. | § | |
| | § | A-08-CA-548 LY |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATED MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration, filed on August 21, 2008 (Clerk's Doc. No. 4); Plaintiff's Brief in Opposition to the Commissioner's Decision, filed on December 15, 2008 (Clerk's Doc. No. 14); and Defendant's Brief in Support of the Commissioner's Decision, filed on January 16, 2009 (Clerk's Doc. No. 16). Also before the Court is the Social Security record filed in this case (Cited as "Tr."). Plaintiff Jennifer Carter appeals from the Administrative Law Judge's ("ALJ") determination that she is not "disabled" and presents for review three issues: (1) whether the Commissioner properly considered the limitations caused by fibromyalgia, irritable bowel syndrome, syncope, and depression in arriving at the Plaintiff's residual functional capacity; (2) whether the ALJ erred in relying on state agency doctors' opinions and the opinion of a one-time examining psychiatrist without considering the opinions of the treating doctors; and (3) whether the ALJ made a proper credibility finding.

The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

# I. GENERAL BACKGROUND

On July 18, 2005, Jennifer Carter (hereinafter "Carter" or "Plaintiff") filed an application for disability benefits under Title II and Title XVI of the Social Security Act (the "Act"), alleging disability beginning January 1, 2004 (Tr. 14, 104). The claim was denied initially on November 23, 2005, and upon reconsideration on April 11, 2006 (Tr. 27, 28). Carter requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 7, 2007, in Austin, Texas (Tr. 18, 449–481). The ALJ issued an unfavorable decision dated July 18, 2007, finding that Carter was not disabled within the meaning of the Act (Tr. 15–26). The Appeals Council declined Carter's Request for Review by notice on May 12, 2008, making it the final decision of the Commissioner (Tr. 5–7). On July 15, 2008, Carter brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying her benefits under the Act.

# II. THE HEARING BEFORE THE ALJ

On May 7, 2007, Administrative Law Judge Roy Richardson held a hearing on Carter's application for benefits. Carter testified at the hearing and was represented by her attorney, Bob Richardson. (In this appeal, she is represented by Mary Ellen Felps.) Ilene Gray, a vocational expert, also appeared and testified at the hearing (Tr. 381–419).

**A.     Plaintiff's Testimony**

Plaintiff Jennifer Carter was born February 1, 1971, and she was 36 years of age at the time of her hearing before the ALJ (Tr. 76, 452). Carter completed her B.A. in English in 2001 (Tr. 452–453). At the hearing, Carter testified that she last worked as a cashier at a parking garage (Tr. 452). Carter testified that she stopped working in this position in October or November of 2005 because she missed too many days being sick. *Id.* Carter stated at the hearing that she is unable to work because she has no clear times that she knows she is going to be sick, she is exhausted most of

the time, she is in pain all of the time, and she has trouble remembering things (Tr. 454). Regarding her pain, Carter testified to having pain "[a]ll over; in my hands and my arms and my back, my legs, my shoulders, my head, everywhere." (Tr. 455).

**B.     Vocational Expert's Testimony**

The vocational expert was asked by the ALJ whether an individual with the claimant's age, education, work experience, and residual functional capacity would be able to perform any work in the economy (Tr. 477–478). The vocational expert testified that, given all of these factors, the individual would be able to perform the requirements of occupations such as charge account clerk, bench hand in clock and watch, and final assembler in optical goods (Tr. 478). The vocational expert then testified that there are approximately 41,000 charge account clerk jobs in the national economy (and roughly 3,200 of these jobs in the Texas economy), approximately 30,000 bench hand jobs in the national economy (and roughly 2,500 of these jobs in the Texas economy), and approximately 80,000 final assembler in optical goods jobs in the national economy (and roughly 6,000 of these jobs in the Texas economy) (Tr. 478).

### III.  FINDINGS OF ADMINISTRATIVE LAW JUDGE

The ALJ found that Carter has the following severe impairments: fibromyalgia, irritable bowel syndrome, depression, and syncope (Tr. 20). The ALJ then found that Carter does not have an impairment or combination of impairments that meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 21). After careful consideration of the entire record, the ALJ found that Carter has the residual functional capacity to lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk 2 hours in an 8-hour workday, sit 6 hours in an 8-hour workday, and push and/or pull limited to the weights given above. The ALJ further found that Carter is limited to occasional climbing. Finally, the ALJ found that

3

Carter is able to understand, remember, and carry out detailed, but not complex instructions (Tr. 22). After considering Carter's age, education, work experience, and residual functional capacity, the ALJ found that she was capable of performing other jobs that exist in significant numbers in the national economy (Tr. 23). Accordingly, the ALJ found that Carter was not disabled as defined in the Act (Tr. 26).

## IV. ISSUES BEFORE THE COURT

Carter contends that the ALJ's decision is not supported by substantial evidence and is not based upon the proper legal standards. Specifically, Carter argues that (1) the Commissioner failed to properly consider the limitations caused by fibromyalgia, irritable bowel syndrome, syncope, and depression in arriving at Carter's residual functional capacity; (2) the ALJ erred by relying on state agency doctors' opinions and the opinion of a one-time examining psychiatrist without considering the opinions of the treating doctors; and (3) the ALJ failed to make a proper credibility finding.

## V. STANDARD OF REVIEW

In Social Security disability appeals, the limited role of the reviewing court, as dictated by 42 U.S.C. § 405(g), is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Courts weigh four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age,

4

education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Martinez*, 64 F.3d at 174. If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed. *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).

## VI. ANALYSIS

**A. Did the decision fail to properly consider the limitations caused by fibromyalgia, irritable bowel syndrome, syncope, and depression in arriving at Carter's residual functional capacity?**

Under this issue, Carter asserts that this case must be remanded for a proper evaluation of the impairments found to be severe by the ALJ—fibromyalgia, irritable bowel syndrome, syncope, and depression. In essence, Carter takes issue with the ALJ finding on the one hand that these impairments were severe, but nevertheless finding that they do not cause sufficient limitations to prevent Carter from working.

As Defendant points out, the threshold for finding a severe impairment is fairly low. "An impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). As noted earlier, the ALJ limited Carter to sedentary work. A person limited to sedentary work is considered significantly limited by severe impairments but not to the extent that they are prohibited from working. 20 C.F.R. Pt. 404, Subpt. P, App. 2, §201.00 (b). Thus, there is nothing

5

inconsistent with the ALJ finding that Carter suffered from severe impairments but nevertheless deciding that she was capable of performing sedentary work.

The Court believes that substantial evidence supports the ALJ's determination as to the limitations caused by these impairments. As the ALJ notes in his decision, during the period Carter was allegedly disabled, she performed a variety of activities inconsistent with being disabled. For example, she had a part-time job (which she began after her alleged on-set date), she got her kids ready for school, she ran errands, and she went grocery shopping. Additionally, she cleaned, did laundry, washed dishes, cooked, and took her kids on weekend outings to the museum or park (Tr. 23, 230). A claimant's activities may properly be considered when deciding a claimant's disability status. *Leggett v. Chater*, 67 F.3d 558, 565 n. 12 (5th Cir. 1995).

In addition to her daily activities, the ALJ discussed how the objective medical evidence does not support Carter's statements concerning the intensity, persistence and limiting effects of her symptoms. The ALJ discussed the lack of emergency room records indicating that Carter had vomited blood or bile, as she alleged, as well as the fact that her prescription records did not show she was taking the medications that she claimed to be taking (Tr. 24). The ALJ also noted that her testimony regarding her alleged seizures was not credible given the lack of records to support them, the lack of medication to treat them, and the normal wavelength patterns shown on her EEG (Tr. 24). As for her depression, the ALJ discussed Dr. Benbow's findings in detail, including that her psychomotor activity was within normal limits, that she displayed no disturbance of central thought processes, that she was logical, coherent, and goal directed with no looseness of associations, that there were no delusions noted or perceptual abnormalities, that her sensorium was clear and she was oriented in all spheres, and that her concentration was judged as accurate and her memory intact. Dr.

Benbow also noted that Carter demonstrated no major depressive symptomatology and that she had never sought treatment.

The Court believes that the ALJ properly considered the limitations caused by the conditions he found to be severe. The record shows that the ALJ carefully considered not only the medical evidence, but also the inconsistencies between the medical evidence and Carter's allegations, as well as Carter's reported daily activities in finding that she was not disabled, but rather limited to performing sedentary work. Accordingly, the Court believes this issue is not a basis for remand.

**B. Did the ALJ err by relying on state agency doctors' opinions and the opinion of a one-time examining psychiatrist without considering the opinions of the treating doctors?**

Carter next argues that the ALJ failed to evaluate the findings of her treating doctors at all, and as a result of that error, this case should be remanded. The Court disagrees. First, the Court notes that many of the opinions these treating sources provided appear to have been accepted by the ALJ. For instance, Carter points out that these sources "note that Ms. Carter suffers from depression." Consistent with this, the ALJ found that Carter suffered from depression. *See* Tr. at 20 (including depression as a severe impairment). The same can be said for the diagnoses of fibromyalgia, irritable bowl syndrome, and fainting spells (i.e. syncope), all of which the ALJ accepted as severe impairments. However, for the reasons stated above, the ALJ did not believe that the limitations causes by these impairments were as severe as Carter claimed.

Second, Carter makes no attempt to show how the ALJ's treatment of these treating source opinions affected the result of his decision. Even assuming the ALJ made an error in his treatment of these sources, this alone does not require remand. "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

7

As noted above, it appears the ALJ took into account the conditions these sources diagnosed, and the ALJ did not say he was rejecting these opinions in favor of a non-treating source. In fact, some of the record citations the ALJ included in his decision to show Carter's claims were not entirely credible were to the very sources Carter alleges he ignored. *See*, *e.g.*, Tr. at 23 ("Clinic notes of January, 2007 revealed that the claimant reported no seizures following the discontinuation of her Ultram prescription the summer prior and her balance and gait were thereafter described as intact (Exhibit 11F, pp. 8–9)."). Therefore, it does not appear that Carter is correct when she says the ALJ did not consider these sources, nor does it appear (and Carter does not show) that Carter's substantial rights were affected by the ALJ's failure to specifically evaluate these sources. Accordingly, the Court does not believe this is a basis for remand.[1]

## C. Did the ALJ fail to make a proper credibility finding?

The entirety of Carter's argument under this issue is the following:

> The ALJ found that Ms. Carter's claim of syncope was not credible, that her disabling fatigue and pain were not to be believed, and that all her complaints were not to be believed. (TR 23-24) Yet the ALJ cites no medical opinion that Ms. Carter does not suffer from the conditions that the ALJ himself found to be severe. (TR 20) He found her syncope to be a severe impairment. (TR 20) Then he found it to not be severe. (TR 23) He found the depression was severe. (TR 20) Then he found it to not be disabling. (TR 24) He found her disabling fatigue and pain to not be credible. (TR 24) He failed to note that she had lost custody of her children. (TR 457) Ms. Carter is entitled to a fair assessment of her conditions according to the law as discussed above.

In this case, as in all other Social Security Appeals, the Court entered an order directing the parties to file a brief. In this order, the Court said:

---

[1] With regard to Defendant's argument that these opinions were not "treating source opinions" because they were made by nurse practitioners rather than physicians, the Court disagrees. The only citation Defendant includes for this proposition is to 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), which only makes references to "treating sources." Nowhere does it say that *only* physicians count as "treating sources." In fact, immediately above this subsection, the code says, "[W]e will evaluate every medical opinion we receive." 20 C.F.R. §§ 404.1527(d). Thus, based on the authority provided by Defendant, it appears that nurse practitioners would be a treating source.

8

> The brief shall contain . . . [a]n argument. . . . The argument must set forth the plaintiff's contentions with respect to the issues presented and reasons therefor. Each contention must be supported by specific reference to the portion of the record relied upon and by citations to statutes, regulations and cases which support the plaintiff's position. . . . If the plaintiff has moved for remand to the Commissioner for further proceedings, the argument in support thereof must set forth good cause for remand.

Clerk's Doc. No. 13. It is plain to see that Carter's "argument" fails to meet the requirements of this Court's order. First, there is not a single citation to any statute, regulation, or case in this section that supports Carter's position. Second, it is not entirely clear what Carter's position is, as this issue appears to largely reassert what she argues under the first issue—that it was error for the ALJ to find certain impairments severe but not disabling. Finally, the argument, much like in her second issue, does not set forth "good cause for remand" as required by the order.

In any event, the Court believes that substantial evidence supports the ALJ's credibility determination. The ALJ's decision indicates that he considered the relevant factors when he found that Carter was not fully credible (Tr. 22–25). The ALJ discussed Carter's medications, the location and intensity of her alleged pain, her treatments, and her daily activities in his discussion of Carter's subjective claim of disabling impairments (Tr. 22-25). *See* 20 C.F.R. §§ 404.1529(c) and 416.929(c). Accordingly, the Court finds that there is substantial evidence to support the ALJ's conclusions regarding Carter's credibility, and therefore does not believe this is a basis for remand.

## VII. RECOMMENDATION

Based upon the foregoing, the Court finds that the Commissioner's decision is supported by substantial evidence and correctly applies the relevant legal standards. Accordingly, the Court **RECOMMENDS** that the District Court **AFFIRM** the decision of the Commissioner in this case and **ENTER JUDGMENT** in favor of the Defendant.

## VIII. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7th day of May, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE